*570 OPINION.
Trtjssell:
The petitioner paid $20,000 on February 27, 1917, for the patent on the “ press machine ” pursuant to an agreement dated January 2, 1917. During 1917 this patent became obsolete due to a new invention whereby wide-mouth glassware could be manufactured on the same machine which made narrow-neck glassware. An examination of the specifications for patents for wide-mouth ware and for narrow-neck ware indicates that the processes and devices were similar in many respects up to the point where the molten glass was introduced into moulds, or blanks.
This similarity is particularly noted in the glass cut-off mechanism and the mold tab},e advancing mechanism. From these specifications it would appear that the ownership of the patent for the “press machine ” would be necessary to the petitioner to protect its patent on the “blow-machine.” However, it is clear that a large part of the mechanism employed in the press machines became valueless and obsolete in 1917, specifically that portion made up of moulds, plungers and devices whereby the glass vessels were shaped by pressure.
In our opinion at least $10,000 of the $20,000 paid for the press machine patent was a loss in the year 1917 due to the obsolescence of the portion of the press machine devices which was not included in the blow-machine specifications.
The petitioner’s return for income and profits taxes for the calendar year 1917 was filed with the collector of its district on March *571 26, 1918, and the statute of limitations defining the period within which tax liability upon said return might be assessed and collected would have expired on March 26, 1923. On February 5, 1923, the petitioner and Commissioner entered into an agreement extending the time within which taxes on said return might be assessed and collected for an indefinite period. Thereafter, and on April 11,1923, the Commissioner issued a public order as follows:
Unlimited Waivers for 1917 Held to Expire April 1,1924. •

To Collectors of Internal Revenue, Internal Revenue Agents m Charge, and

Others Concerned:

The form of waiver now in use extends the time in which the assessment of 1917 income and excess profits tax may be made to one year from the date of signing by the taxpayer. Inasmuch as there are many waivers on file signed by taxpayers containing no limitation as to the time which assessments for 1917 may be made, all such unlimited waivers will be held to expire April 1, 1924.
Under this order the time within which a tax against this petitioner for the calendar year 1917 might have been assessed and collected was extended to and limited by the day April 1, 1924. The Commissioner’s final action determining the petitioner’s tax liability for the calendar year 1917 was conveyed to the petitioner by a letter dated September 1, 1925, advising it of the rejection of its claim for abatement of additional taxes for the year 1917. At this time, September 1, 1925, the extended period within which any tax for the year 1917 could have been assessed and collected had already passed.
The Board has had occasion to review situations entirely similar to the one here existing in the cases of Cunningham Sheep & Land Co., 7 B. T. A. 652; Wirt Franklin, 7 B. T. A. 636; and Henry M. Leland, 8 B. T. A. 974. The reasoning and the decisions in those cases are controlling here.

Judgment of no deficiency will he entered.

Considered by Littleton, Smith, and Love.